IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER MAMMY,

    Plaintiff,                     CV F 07 1007 OWW WMW PC

    vs.                           ORDER DISMISSING COMPLAINT
                                   WITH LEAVE TO
                                   FILE AN AMENDED COMPLAINT

                                   (THIRTY DAY DEADLINE)

H. LA TULIPPE, et al.,

    Defendants.

    Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    This action proceeds on the complaint. Plaintiff, an inmate formerly in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Correctional Officer La Tulippe and Warden Clark, employees of the CDCR at Corcoran State Prison.

    Plaintiff's claim in this complaint is that he has been denied bathroom access. Specifically, Plaintiff alleges that each day at 4:45 pm. he is denied the use the bathroom fro 40to 90 minutes. At 9:30 p.m. he is denied use of the bathroom for approximately 50 minutes. Plaintiff seeks compensatory damages.

1  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.  <u>Leer</u>
3  <u>v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993).    In order to state a claim under § 1983, a
4  plaintiff must allege that: (1) a person was acting under color of state law at the time the
5  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6  privileges or immunities secured by the Constitution or laws of the United States.  <u>Paratt</u>
7  <u>v.Taylor</u>, 451 U.S. 527, 535 (1981).
8  The statute plainly requires that there be an actual connection or link between the actions
9  of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v.</u>
10 <u>Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The
11 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional
12 right, within the meaning of section 1983, if he does an affirmative act, participates in another's
13 affirmative acts or omits to perform an act which he is legally required to do that causes the
14 deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir.
15 1978).
16 "[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute
17 an infliction of pain within the meaning of the Eighth Amendment." <u>Anderson v. County of</u>
18 <u>Kern</u>, 45 F.3d 1310, 1314 (9th Cir. 1995); <u>see</u> also <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir.
19 2000); <u>Hoptowit v. Spellman</u>, 753 F.2d 779, 783 (9th Cir. 1985).   Here, Plaintiff fails to allege
20 any facts indicating anything more than a temporary deprivation of toilet facilities.  Plaintiff does
21 not allege that the deprivation is permanent, nor does Plaintiff allege any facts indicating that any
22 of the named defendants acted with deliberate indifference to Plaintiff's health or safety.
23 The court finds the allegations in plaintiff's complaint vague and conclusory.   The court
24 has determined that the complaint does not contain a short and plain statement as required by
25 Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
26

must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. <u>See Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. <u>See Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

1 docket number assigned this case and must be labeled "First Amended Complaint." Failure to
2 file an amended complaint in accordance with this order will result in a recommendation that this
3 action be dismissed.

6 IT IS SO ORDERED.

7 **Dated:    July 7, 2008**                             **/s/  William M. Wunderlich**
                                                         UNITED STATES MAGISTRATE JUDGE