IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER MAMMY,

    Plaintiff,

vs.

H. LA TULIPPE, et al.,

    Defendants.

CV F 07 1007 OWW WMW PC

FINDINGS AND RECOMMENDATION

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.. Plaintiff, an inmate formerly in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant Correctional Officer La Tulippe and Warden Clark, employees of the CDCR at Corcoran State Prison.

In the order dismissing the original complaint, the court noted the following. Plaintiff's claim in this complaint is that he has been denied bathroom access. Specifically, Plaintiff alleges that each day at 4:45 pm. he is denied the use the bathroom from 40 to 90 minutes. At 9:30 p.m. he is denied use of the bathroom for approximately 50 minutes. Plaintiff seeks compensatory damages.

To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. <u>Paratt v.Taylor</u>, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. <u>See</u> <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." <u>Anderson v. County of Kern</u>, 45 F.3d 1310, 1314 (9th Cir. 1995); <u>see</u> <u>also</u> <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000); <u>Hoptowit v. Spellman</u>, 753 F.2d 779, 783 (9th Cir. 1985). Here, Plaintiff fails to allege any facts indicating anything more than a temporary deprivation of toilet facilities. Plaintiff does not allege that the deprivation is permanent, nor does Plaintiff allege any facts indicating that any of the named defendants acted with deliberate indifference to Plaintiff's health or safety.

In the order dismissing the original complaint, the court found the allegations in plaintiff's complaint to be vague and conclusory. The court determined that the complaint did not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules

adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff was advised that he must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint was dismissed.

In the first amended complaint, plaintiff restates the allegations of the original complaint. Plaintiff provides more factual detail as to his attempts at filing an inmate grievance, but does not allege any facts indicating that any of the named defendants were deliberately indifferent to Plaintiff, resulting in injury to Plaintiff. Because Plaintiff has not cured the defects noted in the original complaint, the court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     May 20, 2009**                    **/s/  William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE